# EXHIBIT A

**[Summons, Complaint and First Set of Requests for Admissions]**



## State of Tennessee
## Department of State

Division of Business Services
312 Rosa L Parks Ave
6th Floor Wm. R. Snodgrass Tower
Nashville, Tennessee 37243

<u>4/27/2011</u>  70090960000115364731
Date  Certified Number

File No: <u>1-182-11</u>

Company: **BRIGGS & STRATTON CORPORTION**

Name:

Agent/POE:

Address: 12301 W. WIRTH STR
WAUWATOSA, WI 53222

Country:

RE: CHRISTIAN SUES

VS: BRIGGS & STRATTON CORPORATION

### Notice of Service

The enclosed summons and attachments are hereby officially served upon you by the Office of the Tennessee Secretary of State pursuant to Tennessee Law. Please refer to the summons and attachments for details concerning the lawsuit filed against you. If you have any questions, please contact the clerk of the court which issued the summons. You can obtain the court's telephone number by calling information (area code) 555-1212. The name of the court and county where the court is located will be on the attached summons.

The summons will either tell you a court date and time at which you must appear to defend yourself or tell you the number of days from the day you are served within which you must file an answer upon the plaintiff's attorney. Failure to appear in court at the time specified or failure to answer the summons within the given time could result in a judgement by default being rendered against you for relief sought in the lawsuit.

The Secretary of State's Office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Sincerely,

*Tre Hargett*

enclosures
Initial: KDF    Tre Hargett
CC:    Secretary of State

SS-4214 (Rev. 3/97)    RDA 1003

# STATE OF TENNESSEE
# THE CIRCUIT COURT FOR KNOX COUNTY

## SUMMONS

2011 APR 20 P 3:56
CATHERINE F. QUIST
CIRCUIT COURT CLERK

STATE RECEIVED
2011 APR 26 AM 9:20
TRE HARGETT
SECRETARY OF STATE

__Christian Seus__ PLAINTIFF )

vs.

__Briggs & Stratton Corporation__ DEFENDANT )

CIVIL ACTION NO. __1-182-11__

To the above named defendant (s):

You are hereby summoned and required to serve upon __Christian Seus__ (plaintiff) plaintiff's attorney, whose address is __7612 Sentry Ln Knoxville, Tn 37919__, an answer to the complaint herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the day of service. A copy of the answer must be filed with the court either before or within a reasonable time after service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and attested this the __20__ day of __April__, __2011__.

_Cathy Quist_
Catherine F. Quist, Clerk

_St H_
Deputy Clerk

I Catherine F. Quist, Circuit Court Clerk for Knox County, Tennessee, do hereby certify that this is a true and perfect copy of the original summons issued in the above styled cause.
This __20__ day of __April__ __2011__
_Cathy Quist_ Clerk
_St H_ D. C.

### NOTICE

To the defendant (s):

Tennessee law provides a Ten Thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek counsel of a lawyer.

### SERVICE INFORMATION

To the process server: Defendant __Briggs & Stratton Corporation__
can be served at: __12301 West Wirth Street, Wauwatosa, Wisconsin 53222-2110__

### RETURN

I received this summons on the _____ day of _____, _____.

I hereby certify and return that on the _____ day of _____, _____. I:

[ ] served this summons and complaint on the defendant _____ in the following manner:

_____

[ ] failed to serve this summons within 30 days after its issuance because: _____

_____

_____
Process Server

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial proceeding, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator (www.tncourts.gov)

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

>Pat Carson, Compliance Officer
>Knox County Human Resources Office
>Suite 360, City-County Building
>400 Main Street, Knoxville, Tennessee 37902
>Voice Phone: (865) 215-2952     TTY: (865) 215-2497

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

>Pamela Taylor, Manager/Coordinator
>State Judicial ADA Program
>Administrative Office of the Courts
>Nashville City Center
>Suite 600, 511 Union Street
>Nashville, Tennessee 37219
>Telephone (615) 741-2687     FAX: (615)741-6285

The Tennessee Judicial Branch's Americans with Disabilities Act Policy regarding access to judicial program, as well as a Request for Modification form may be found online at www.tncourts.gov.

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

CHRISTIAN SEUS,           )
        Plaintiff,     )
                       )  No. 1-182-11
v.                        )
Kohler Co.,               )  Jury Trial Demanded
Briggs & Stratton Corporation, )
American Honda Motor Company, Inc., )
Tecumseh Products Company, )
Deere & Company,          )
                       )
        Defendants,    )

*(Filed 2011 APR 20 P 3: 54, Catherine F. Quist, Circuit Court Clerk)*

1. Plaintiff, Christian Seus, Pro Se brings this action against the defendants and alleges the following based upon investigation, information and belief of the allegations.

2. Plaintiff, Christian Seus, is a citizen, resident of Knox County, Tennessee, a member of the public and a consumer;

3. The named Plaintiff brings this suit against Kohler Inc., Briggs & Stratton Corporation, American Honda Motor Company, Inc., Tecumseh Products Company, and Deere & Company collectively and individually for Fraud, Intentional Misrepresentation, Civil Conspiracy to defraud, Unjust Enrichment, & Fraud by Concealment.

4. The Plaintiff, Christian Seus, was officially removed from all class action lawsuits involving the allegations in this complaint in May of 2010 (over 9 months ago).

5. Defendants have lied to consumers, including Plaintiff, by overstating the horsepower of lawn mower engines. In selling lawn mower engines, Defendants have defrauded Plaintiff by: (1) misrepresenting and overstating the horsepower produced by such products, (2) concealing, suppressing and failing to disclose material information, including the true, significantly lower

1

horsepower of Defendants' products and (3) falsely advertising and selling lawn mowers containing identical engines;

6. Plaintiff discovered his allegations through the news on or about April 25th 2010.

## Jurisdiction

7. Pursuant to Tenn. Code Ann. § 20-4-101 Jurisdiction and venue in this Court are appropriate. The mowers were purchased in Knox County, allegations occurred in Knox County and each company has a registered agent doing business in Tennessee. The amount in controversy exceeds $25,000;

## Parties

8. The Plaintiff, CHRISTIAN SEUS is an adult resident who owns and resides at 7612 Sentry Lane, Knoxville, Tennessee 37919-during all times of this complaint. Christian Seus purchased a mower, and upon information and belief was manufactured by Kohler Inc.;

9. Defendant Kohler Co. is a corporation with headquarters located at 444 Highland Drive, Kohler, Wisconsin 53044. Kohler manufactures engines for installation in lawn mowers sold by Defendants Deere etc. Kohler advertises, markets and sells these engines;

10. Defendant Briggs & Stratton Corporation is a corporation with its headquarters located at 12301 West Wirth Street, Wauwatosa, Wisconsin 53222-2110. Briggs & Stratton manufactures engines for installation in lawn mowers;

11. Defendant American Honda Motor Company, Inc. is a subsidiary of Honda Corporation with a corporate address of 4900 Marconi Drive, Alpharetta, Georgia 30005-2033. Honda manufactures engines for installation in lawnmowers;

12. Defendant Tecumseh Products Company is a corporation with its headquarters located at 100 East Patterson Street, Tecumseh, Michigan 49286-2041. Tecumseh has manufactured engines for installation in lawn mowers ;

2

13. Defendant Deere & Company is an Illinois corporation with its headquarters located at One Deere Place, Moline, Illinois 61265. Deere advertises, markets and sells lawn mowers or lawn mower engines throughout the United States;

## Issues

14. The acts alleged against the Defendants in this Complaint were authorized, ordered, or done by their officers, agents, employees, or representatives, while actively engaged in the management and operation of Defendants' businesses or affairs;

15. Various persons and/or firms not named as Defendants herein may have participated as co-conspirators;

16. Defendant's manufacture, advertise, market and sell lawn mowers and the engines installed in lawn mowers to consumers throughout the United States;

17. Defendants have used the unit of horsepower to label, categorize and market their lawn mower engines. The higher the actual horsepower, the more power the engine produces.

18. The more horsepower generated by a lawn mower's engine, the better and faster the lawn mower is able to perform;

19. Defendants market and offer for sale at higher prices lawn mowers labeled or otherwise advertised with higher horsepower;

20. The higher the horsepower, the higher the price Defendants charge.

21. Plaintiff has paid more for lawn mowers labeled or otherwise represented by Defendants as producing higher horsepower;

22. The horsepower of a lawn mower is a material fact, one that is important to a consumer and is the type of information upon which a buyer would be expected to rely in making a purchasing decision. Statements of horsepower are factual representations that are likely to affect the lawn mower purchasing decisions or conduct of consumers, including Plaintiff;

23. Plaintiff's major decision in purchasing a lawn mower was and is horsepower.

3

24. The horsepower purportedly generated by Defendants' lawn mowers is identified as a number on labels located on the lawn mowers or on the lawn mowers' engines, and/or in Defendants' other advertising, including packing materials, owner's manuals, materials distributed with Defendants' lawn mowers, Defendants' websites, and point-of-sale and other promotional materials disseminated or caused to be disseminated by or on behalf of Defendants to the public;

25. Defendants have knowingly misrepresented and significantly overstated the horsepower of Defendants' lawn mower engines;

26. Defendants have knowingly misrepresented the horsepower of Defendants' lawn mower engines through statements and representations made and disseminated to the public in Defendants' advertising, including product labeling, packing materials, owner's manuals, websites, point-of-sale materials and other promotional materials;

34. In fact, the true horsepower of Defendants' engines is significantly less than the horsepower represented by Defendants in advertising, marketing and selling their lawn mower engines to the public;

35. Defendants knowingly advertise, market and sell identical engines with varying horsepower ratings and labels, thereby representing (directly and by implication) that these identical engines are different. In fact, these engines are identical on the basis of horsepower. Defendants sell these identical, but differently and misleadingly labeled engines at different prices—with higher prices for engines falsely labeled with purported higher horsepower. Defendants thereby represent that the products are different when they are not but, rather, contain identical engines;

36. In advertising, marketing and selling such engines, Defendants charge or cause to be charged a higher price for such identical engines containing a falsely represented higher horsepower.

37. In advertising, marketing and selling such lawn mowers, Defendants conceal, suppress and fail to disclose the material fact that the lawn mowers contain identical engines;

38. In selling such lawn mowers containing identical engines that produce the same horsepower as

4

different products and at different prices—higher prices for falsely represented higher horsepower

39. Defendants repeatedly misrepresent the horsepower of the engines and conceal, suppress and fail to disclose material facts, including that such products contain identical engines and the true, significantly lower horsepower of the engines;

40. In advertising, marketing and selling their lawn mower engines to the public, Defendants have repeatedly concealed, suppressed and failed to disclose material information, including the true, significantly lower horsepower of their lawn mower engines;

41. Defendants' advertising, including labeling, packing materials, owner's manuals, websites, point-of-sale materials and other promotional materials, conceals, suppresses and fails to disclose the true, significantly lower horsepower actually produced by Defendants' lawn mower engines;

42. Defendants published, and caused third party websites to publish, misleading information regarding lawn mower horsepower in an attempt to conceal and suppress the material fact of the true lower horsepower of Defendants' products;

43. Plaintiff is a consumer who has been injured in his money or property by purchasing Defendants' lawn mower engines that were not as represented by Defendants;

44. Plaintiff suffered actual damages in purchasing lawn mowers that were not as powerful, and did not contain the horsepower, represented by Defendants and Plaintiff did not receive the benefit of costs;

45. Plaintiff paid more for their lawn mowers than they would have paid absent Defendants' unlawful conduct;

46. As a result of Defendants' unlawful conduct, Plaintiff was and continues to be deprived of the opportunity to make informed purchasing decisions based on truthful information, including, without limitation, not purchasing Defendants' products, or not paying prices for Defendants' products that were inflated due to Defendants' deceit;

5

47. As a result of Defendants' unlawful conduct, Plaintiff lost the opportunity to purchase accurately labeled, lower horsepower lawn mowers and to pay lower prices for such products, rather than the higher prices Defendants charged or caused to be charged for Defendants' misrepresented products.

48. As a proximate result of Defendants' unlawful conduct, Plaintiff have suffered damages in an amount to be determined at trial;

49. Plaintiff has experienced loss of power using the mower for normal use and non business purposes, including the use of a matching dump cart.

50. Plaintiff has also had the mower in the shop on multiple occasions, weeks at a time, possibly due to the mismatch in the engine horseppower vs. its body and parts etc.

## Counts

### Count I Intentional Misrepresentation

51. Paragraphs 1-50 of this complaint are hereby re-alleged and incorporated by reference herein.

52. Each Plaintiff had knowledge of the aforementioned horsepower allegations and the plaintiff relied on the information from marketing, advertising etc. in making an informed decision regarding the the engine and horsepower in making a purchase. Plaintiff did suffer damages by purchasing an inferior product that has performed less that what was expected;

### Count II Civil Conspiracy to defraud

53. Paragraphs 1-52 of this complaint are hereby re-alleged and incorporated by reference herein.

54. By reason and belief of the plaintiff, there were agreements between each of the defendants as well as multiple meetings, letters and phone calls to conceal horsepower for the purposes of saving money, misleading the Plaintiff, and causing him to have an inferior product and was not able to receive the benefits in purchase. Each defendant is the proximate cause of this count, by concealing information and making secret agreements the fraud continued;

6

### Count III Unjust Enrichment

55. Paragraphs 1-54 of this complaint are hereby re-alleged and incorporated by reference herein.

56. The Defendants benefited financially by selling the same engines with the same horsepower at a higher price as that of an inferior engine. Plaintiff was sold a lower horsepower engine at the same cost of the higher powered engine and the Defendants reaped the extra savings at the expense of the Plaintiff. By concealing information and making secret agreements the Unjust Enrichment was allowed to go on. It is inequitable and unjust for the defendants to retain the proceeds based on the sales of Defendants' misrepresented products to the Plaintiff. Defendant's knowingly received and retained such benefits and funds from Plaintiff. Defendants' retention of such funds under the aforementioned circumstances make in inequitable to do so constitutes common law unjust enrichment. Plaintiff has no adequate remedy at law for the Defendants unjust enrichment;

### Count IV Fraud

57. Paragraphs 1-56 of this complaint are hereby re-alleged and incorporated by reference herein.

58. Each Defendant intentionally hid and agreed to misrepresent horsepower in its engines in multiple meetings and communications knowing they were doing wrong in concealing the true horsepower ratings to consumers. The defendants relied on these mistruths of horsepower in meetings etc. and then made sales to the public and others including the Plaintiff while using this information. The plaintiff had no means to verify horsepower or even note that these companies would be lying about its mowers and relied on the defendants brand names to make the purchases;

### Count V CIVIL CORRUPT ORGANIZATIONS ACT

59. Paragraphs 1-58 of this complaint are hereby re-alleged and incorporated by reference herein.

60. By belief of the Plaintiff violations of Title 18 U.S.C. §§ 1962(c) and (d) of the Racketeer Influenced and Corrupt Organizations Act, is asserted against all of the Defendants;

61. Each Defendant is a person as defined in 18 U.S.C. § 1961(3), as each of the Defendants is capable of holding a legal or beneficial interest in property;

62. At all relevant times, in violation of 18 U.S.C. § 1962(c), Defendants participated in the operation and management of, and otherwise conducted the affairs of, certain RICO enterprises;

### Count VI Fraud by Concealment

63. Paragraphs 1-62 of this complaint are hereby re-alleged and incorporated by reference herein.

64. Defendants concealed the horsepower understatements and despite a duty to do so failed to disclose covering up the understated horsepower. Plaintiff could not have discovered the fudged horsepower because this type of machinery or testing is not available to the public. Each defendant knew of the other defendants actions through a series of meetings, conferences, calls, testing etc between each of the Defendants. The Defendants failed to notify the Plaintiff when making the purchase of the engines that he could be getting a same engine for less money. The defendants also failed to notify the Defendant of the inaccurate horsepower.

### REQUEST FOR RELIEF

65. WHEREFORE, Plaintiff respectfully requests that the Court award judgment:

66. a. That Summons and Notice issue and be served upon the Defendants, requiring them to appear and answer this Complaint;

67. b. Award Plaintiff compensatory damages in an amount to be determined at trial;

68. c. For judgment against Defendant's and in favor of Plaintiff on all claims asserted in this Complaint;

69. d. For injunctive relief requiring Defendants' immediate and future compliance with state and local laws;

8

70. e. An award to plaintiff in exemplary or punitive damages in an amount sufficient to punish Defendant's acts or omissions and to deter future gross conduct to its purchasers;

71. f. Plaintiff request that they recover all penalties, and reasonable attorneys' fees, if necessary, and costs as authorized by law;

72. g. Plaintiff requests both prejudgment and post-judgment interest at the maximum rate allowed by law;

73. h. For treble damages and attorney fees.

74. i. For costs of suit incurred herein;

75. j. For other penalties as allowed by law; and

76. k. For such other and further relief as this Court may deem appropriate.

77. Plaintiff hereby demand trial by jury on all issues triable to a jury in this case

Respectfully submitted this 20TH day of April, 2011.

By: _____
Plaintiff
Christian Seus, Pro Se
7612 Sentry lane
Knoxville, Tennessee 37919
(865) 809-8610

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have had service of process effectuated upon the Defendants along with the summons and complaint

This 20TH day of April, 2011

_____
Christian Seus

Plaintiff, Pro Se
7612 Sentry lane
Knoxville Tn. 37919
865-809-8610

9

IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

CHRISTIAN SEUS,                 )
                                )
        Plaintiff,            )
                                )
v.                              )   No.  1-182-11
                                )
Kohler Co.,                     )   Jury Trial Demanded
Briggs & Stratton Corporation,  )
American Honda Motor Company, Inc., )
Tecumseh Products Company,      )
Deere & Company,                )
                                )
        Defendants,           )

### FIRST SET OF REQUEST FOR ADMISSIONS PROPOUNDED TO EACH DEFENDANT

Instructions: Per TRCP 36, please respond within 30 days or each request will be admitted.
Definition: You is your corporation, company, entity or business that is a Defendant in this suit.

**Comes, the Plaintiff, pursuant to T.R.C.P. 36, and submits the following Requests for Admissions upon each Defendant:**

1. Admit that you use horsepower in advertising lawn mowers or mower engines.
2. Admit that you have labled identical engines with varying horsepower ratings.
3. Admit that you are aware that the other Defendants overstate the horsepower of their lawn mower engines.
4. Admit that you are aware that the other Defendants have failed to disclose to the public the true, lower horsepower of their products.
5. Admit knowing the Defendants' horsepower misrepresentations and omissions.
6. Admit the higher the actual horsepower of a engine, the more power the engine produces.
7. Admit the more horsepower generated by a lawn mower's engine, the better and faster the lawn mower is able to perform;
8. Admit concealing truthful information concerning the actual horsepower of other Defendants' engines.
9. Admit that the higher the horsepower of a mower, the higher the price you charge for it.
10. Admit that you misrepresented or overstated the horsepower of your lawn mower engines.
11. Admit that you misrepresented or overstated the horsepower of your lawn mower.
12. Admit that you know that the other Defendants' lawn mower engines do not produce the horsepower represented by such other Defendants.
13. Admit that during the Plaintiff's purchase of a mower you did not notify him that he could get a lawn mower with a lower horsepower for the same price as a higher horsepower labled mower with the exact same engine.

1

14. engines that he could be getting the same engine for less money.
15. Admit that you owe a duty to your consumers to provide truthful, non-deceptive information regarding your products.
16. Admit reporting the same engine's lower horsepower ratings to the Environmental Protection Agency at the same time as reporting that same engine as a higher horsepower rating in advertising, marketing or selling of lawn mower engines.
17. Admit horsepower testing equiptment is not readily available to consumers.
18. Admit horsepower testing equiptment is not readily available to consumers.
19. Admit that you are a member of the OPEI Enterprise (Outdoor Power Equipment Institute).
20. Admit that you have discussed horsepower with other OPEI Enterprise members.
21. Admit that you are a member of The Power Labeling Task Force Enterprise.
22. Admit that you have discussed horsepower with other Power Labeling Task Force Enterprise members.
23. Admit that you are a member of the The Craftsman Exclusive Enterprise.
24. Admit that you are a member of the The Eagle Group Enterprise.
25. Admit that you have discussed horsepower with other Eagle Group Enterprise members.
26. Admit knowing the horsepower of the Defendants engines.

Respectfully submitted this 20 day of April, 2011.

By: _____

Plaintiff
Christian Seus, Pro Se
7612 Sentry lane
Knoxville, Tennessee 37919
(865) 809-8610


CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have had service of process effectuated upon the Defendants along with the summons and complaint

This 20 day of April, 2011

_____
Christian Seus

Plaintiff, Pro Se
7612 Sentry lane
Knoxville Tn. 37919
865-809-8610

2