# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

| | | |
|---|---|---|
| CHRISTIAN SEUS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:11-CV-237 |
| | ) | Phillips |
| KOHLER CO., | ) | |
| BRIGGS & STRATTON CORPORATION, | ) | |
| AMERICAN HONDA MOTOR COMPANY, | ) | |
| TECUMSEH PRODUCTS COMPANY, | ) | |
| DEERE & COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

Plaintiff Christian Seus, filed this action asserting claims for RICO violation, intentional misrepresentation, civil conspiracy, unjust enrichment, and fraud. Before the court are defendants' motions to dismiss the complaint for plaintiff's failure to list this lawsuit as an asset in his Chapter 7 bankruptcy proceeding. Defendants contend that judicial estoppel requires dismissal of plaintiff's complaint. Plaintiff has responded in opposition. For the reasons which follow, defendants' motions to dismiss will be granted.

## Background

On April 25, 2010, five months before filing for bankruptcy, Seus discovered the claims he seeks to pursue in this case through the news. In May 2010, he oped out of

the class action litigation asserting claims with respect to the horsepower labeling of lawn mowers, thereby preserving his right to bring an individual lawsuit.

On October 4, 2010, Seus filed a voluntary petition under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Tennessee. Seus listed his lawn mower as an asset, but failed to list his claims with respect to his lawn mower. Seus amended his bankruptcy petition on numerous occasions in October through December 2010, but continued to omit his lawn mower claims. On February 8, 2011, Seus was discharged from bankruptcy without ever disclosing to the Bankruptcy Court the existence of the claims he now seeks to bring before this court.

On April 20, 2011, just two months after his bankruptcy discharge, Seus filed the instant lawsuit in the Circuit Court of Knox County, bringing claims of a RICO violation, intentional misrepresentation, civil conspiracy, unjust enrichment, and fraud arising out of his ownership of the lawn mower identified in his bankruptcy petition. Defendant Briggs removed the action to this court on May 26, 2011.

## Standard of Review

Defendants have moved for dismissal of plaintiff's complaint pursuant to Rules 12(b)(6), Federal Rules of Civil Procedure. A motion to dismiss under Rule 12(b)(6), Federal Rules of Civil Procedure, requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of his

2

claims that would entitle him to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir.) *cert. denied,* 498 U.S. 867 (1990). The court may not grant such a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434 (6th Cir. 1988). "[The] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.* (citations omitted).

If, in a Rule 12(b)(6) motion to dismiss, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." *Wysocki v. IBM*, 607 F.3d 1102, 1104 (6th Cir. 2010). Here, the parties have submitted matters outside the pleadings in support of their positions. Consequently, the court will consider the parties' arguments under Rule 56(c), which provides that summary judgment will be granted by the court only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show that no genuine issue of material fact exists. The court must view the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th

3

Cir. 1987); *White v. Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the non-moving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

## Analysis

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." *New Hampshire v. Maine,* 532 U.S. 742, 749 (2001); *White v. Wyndham Vacation Ownership, Inc.,* 2010 WL 3155161 (6th Cir. Aug. 11, 2010). This doctrine is "utilized in order to preserve the integrity of the courts by preventing a party form abusing the judicial process through cynical gamesmanship." *Browning v. Levy*, 283 F.3d 761, 775 (6th Cir. 2002); *see also Eubanks v. CBSK Financial Group, Inc.,* 385 F.3d 894, 897 (6th Cir. 2004) ("Judicial estoppel, however, should be applied with caution to avoid impinging on the truth-seeking function of the court, because the doctrine precludes a contradictory position without examining the truth of either statement").

4

In the bankruptcy context, the Sixth Circuit has previously noted that "judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition." *Browning*, 283 at 775-76. Furthermore, *Browning* noted that "judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence." *Id.* at 776. Two circumstances in which a debtor's failure to disclose might be deemed inadvertent are (1) "where the debtor lacks knowledge of the factual basis of the undisclosed claims," and (2) where "the debtor has no motive for concealment." *Id.* at 776. Moreover, a court should "consider whether a party has gained an unfair advantage from the court's adoption of its earlier inconsistent statement." *Longaberger Co. v. Kolt,* 586 F. 3d 459, 470 (6th Cir. 2009) *citing New Hampshire*, 532 U.S. at 751.

In short, to support a finding of judicial estoppel, the court must find that (1) plaintiff assumed a position that was contrary to the one that he asserted under oath in the bankruptcy proceedings, (2) the bankruptcy court adopted the contrary position either as a preliminary matter or as part of a final disposition, and (3) plaintiff's omission did not result from mistake or inadvertence. *White,* 2010 WL 3155161. In determining whether plaintiff's conduct resulted from mistake or inadvertence, the court considers whether (1) plaintiff lacked knowledge of the factual basis of the undisclosed claim, (2) plaintiff had a motive for concealment, and (3) the evidence indicates an absence of bad faith. *Id.* In determining whether there was an absence of bad faith, the court will look, in particular, at plaintiff's "attempts" to advise the bankruptcy court of the omitted claim. *Id.*

5

Here, the defendant has come forward with evidence that shows that plaintiff assumed a position that was contrary to one that he asserted under oath in the bankruptcy proceeding, and (2) the bankruptcy court adopted the contrary position as a preliminary matter. Seus failed to include in his bankruptcy petition the fact that he had been a class member in the law mower class action litigation, despite identifying four other lawsuits to which he was a party. Seus had numerous opportunities to correct his omission. He amended his petition on numerous occasions during his bankruptcy, but never identified his claims against defendants arising out of his lawn mower. Based on these representations, the Bankruptcy Court discharged Seus from bankruptcy on February 8. 2011. By entering the discharge order on February 8, the Bankruptcy Court adopted plaintiff's position that he did not own any causes of action against defendants.

Just two months later, and without informing or seeking leave from the Bankruptcy Court, Seus filed the instant complaint on April 20, 2011. His complaint seeks compensatory, punitive, and treble damages stemming from the allegedly inaccurate horsepower rating of an engine in a lawn mower plaintiff purchased.

After considering the evidence presented by defendants, the question becomes whether plaintiff can point to evidence showing an absence of bad faith. He can do this by showing his attempts to correct his initial omission. Since the bankruptcy system depends on accurate and timely disclosures, the extent of these efforts, together with their effectiveness, is important. *See Eubanks*, 385 F.3d at 898-99. Further, since judicial estoppel seeks to prevent parties from abusing the judicial process through cynical

gamesmanship, the timing of plaintiff's efforts is also significant. *Id.* Here, Seus admits he discovered the factual basis of the undisclosed claims at least four months prior to filing for bankruptcy. He opted out of class-action litigation concerning the undisclosed claims four months before filing for bankruptcy. By concealing his claims and receiving the bankruptcy discharge, it is apparent that Seus sought to evade his creditors and keep the putative value of the claims for himself. This is precisely why full disclosure of assets in the context of a bankruptcy is required. *See White v. Wyndham Vacation Ownership Inc.*, 617 F.3d 472, 479 (6th Cir. 2010) (if plaintiff had disclosed her potential harassment claim, it would have become part of the bankruptcy estate and any proceeds would have gone to her creditors).

In response to defendants' motion to dismiss, plaintiff has submitted a response arguing that he made the bankruptcy trustee aware of the lawn mower claims and the trustee decided to abandon them. However, Seus never filed a motion in the Bankruptcy Court requesting that his law mower claims be abandoned by the trustee, and he never obtained an order entered by the Bankruptcy Court granting abandonment of his lawn mower claims. In fact, it was not until after Seus was discharged in his bankruptcy case that he allegedly requested the trustee to abandon the lawn mower claims. Seus has submitted an undated "Agreed Order of Abandonment" related to his lawn mower claims, and argues that the Trustee abandoned the lawn mower case before it was filed. However, this purported "Agreed Order" was never entered by the Bankruptcy Court. It is clear from the face of the document that it was prepared after the instant case had been removed to this court on May 26, 2011, long after plaintiff's discharge in the Bankruptcy Court.

7

Plaintiff personally declared "under penalty of perjury" that the contents of his bankruptcy petitions was "true and correct." Plaintiff also failed to point out the omission at any time during the pendency of his bankruptcy case. Plaintiff was provided with multiple opportunities to disclose this lawsuit and repeatedly failed to do so. The Bankruptcy Code requires a debtor to file a schedule of assets and liabilities, a schedule of current income and current expenditures, and a statement of the debtor's financial affairs. *Caprella v. CSX Transp. Inc.,* 2009 WL 2950248, *citing* 11 U.S.C. § 521(1). Because it is well-settled that a cause of action is an asset that must be scheduled under § 521, plaintiff was obligated to disclose this claim when completing his bankruptcy documentation. *Id.*

The Bankruptcy Court relied on plaintiff's sworn assertions in his petition when it granted plaintiff's discharge. Since plaintiff's plan was adopted by the Bankruptcy Court, the court clearly adopted the information contained in his bankruptcy petition. *See Browning*, 283 F.3d at 775 (prior court need only adopt the contrary position either as a preliminary matter or as part of a final disposition),

In light of all of the above, the court believes that judicial estoppel is appropriate in this matter and will grant defendants' request to dismiss this action.

## **Conclusion**

For the reasons stated above, defendants' motions to dismiss [Docs. 8, 12] will be converted to one for summary judgment, and summary judgment is **GRANTED** in favor of defendants. Plaintiff's complaint is **DISMISSED with prejudice** pursuant to Fed.R.Civ.P. 56(c).


**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge